Mr. Chief Justice Sharkey
delivered the opinion of the court.
This action was instituted on a writing obligatory. Two of the defendants pleaded specially, that the writing obligatory was given for the hire of a negro woman from the first of January, 1841, for one year, and that it was agreed and promised by the *321 hirer, that she should not be taken out of Grover’s possession during the time for which she was hired. The plea avers that she was taken out of his possession by Gaskins, the payee of the writing obligatory, on the 3d of May, 1841. The plaintiff replied by a special traverse, that it was agreed between Gas-kins and Grover, at the time of hiring, that if Gaskins should want the negro before the expiration of the year, she was to be given up, and a deduction of twelve dollars per month made from the note, from the time she was so taken until the end of the year. The replication avers that she was in possession of Grover from the 26th of December, 1840, until the 3d day of June, 1841. To this replication the defendants demurred; the court overruled the demurrer, and gave judgment against all the defendants, (Grover having made default) not for the amount of the note, but for seventy-one dollars, being the amount left after deducting twelve dollars per month from the 3d of June to the 1st of January. This we think was error. In actions of debt for a sum certain, and in actions founded on any writing ascertaining the sum due, the clerk is authorized to make the calculation, in certain cases, and to issue execution accordingly. H. & H. Dig. 616. Although this was an action for a sum certain, yet the contract did not ascertain the sum due. That was ascertained only by the replication, which stated a modification of the original contract. For this error the judgment must be reversed; but the question on the defendants’ demurrer to the plaintiff’s replication, has also been discussed, and as the defendants may desire to obtain leave to take issue when the cause is remanded, we may intimate an opinion that the replication is good. It was framed according to a system of pleading which is now seldom resorted to, denominated a special traverse, being but a qualified or limited denial of the pleading on the other side. It confesses a contract, but denies that it is truly stated in all respects on the other side. Stephen on Pleading, 175. The first cause of demurrer is, that the replication confesses and avoids, and yet traverses the contract with an absque hoc. If this were true, it would be a defect, according to this mode of pleading; but the replication does not *322 confess the contract as pleaded; it confesses a contract differing in a material part from that stated, in the plea. The second cause of demurrer is, that the replication is uncertain in not stating what note a deduction was to be made from. It must be understood to refer to the note mentioned in all the previous pleadings. The third cause of demurrer is, that the replication avers that the negro was taken away on the third of June, but does not traverse the alleged taking away on the third of May; The time at which the negro was taken away constitutes part of the special traverse, and is therefore sufficient.
The final judgment must be reversed, and the cause remanded, for a writ of inquiry.